```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF KENTUCKY
                              LEXINGTON
```

| | |
|---|---|
| PROGRESSIVE NORTHERN ) | |
| INSURANCE COMPANY, ) | Civil Action No. 5:05-517-JMH |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| SHERITA MARSH d/b/a ) | **MEMORANDUM OPINION AND ORDER** |
| TRIPLE FLAG CAR SERVICE, ) | |
| ) | |
| Defendant. ) | |

**            **            **            **            **

This matter is before the Court on Defendant Sherita Marsh's motion to dismiss/motion for court to decline to exercise jurisdiction [Record No. 14]. The parties have fully briefed the issue, and the matter is now ripe for review.

### PROCEDURAL AND FACTUAL BACKGROUND

Plaintiff Progressive Northern Insurance Company ("Progressive") provides auto insurance to Defendant Sherita Marsh, d/b/a Triple Flag Car Service. This declaratory judgment action arises from an April 21, 2004, automobile accident in Harlan County, Kentucky.

Triple Flag was hired along with others to escort oversized load tractor trailers carrying concrete bridge beams from Avon, Kentucky to a job site in Harlan County, Kentucky. During the trip, one of the trailers, while being escorted by Marsh's company and at least one other escort company, was involved in an accident with Dennis C. Johnson. Johnson filed suit against Michael P. Whitaker, the driver of the tractor trailer, and his employer,

Prestress Services Transportation ("Prestress"), for damages allegedly caused by the accident in Harlan County Circuit Court. Whitaker and Prestress filed a third-party complaint against Marsh, alleging that Marsh's company had been retained to "stop traffic, flag traffic and do all things reasonabl[y] necessary to control traffic" and had negligently failed to do so.

Progressive hired counsel to defend Marsh under a reservation of rights in the Harlan Circuit Court action. It has now filed this action seeking a declaration of rights under its commercial auto policy issued to Marsh, alleging that the failure of Marsh's employee to stop traffic is not an accident covered under Marsh's policy.

Marsh has moved to dismiss this declaratory judgment action, asking that this Court decline to exercise jurisdiction.

## ANALYSIS

Exercise of jurisdiction under the Declaratory Judgment Act, 28 U.S.C. § 2201(a) is not mandatory. *Brillhart v. Excess Ins. Co.*, 316 U.S. 491 (1942). To that end, the Sixth Circuit has set forth five factors that are helpful in determining whether a case is appropriate for declaratory judgment:

> (1) [W]hether the judgment would settle the controversy;
> (2) [W]hether the declaratory judgment action would serve a useful purpose in clarifying the legal relations at issue;
> (3) [W]hether the declaratory remedy is being used merely for the purpose of "procedural fencing" or "to provide an arena for a race for res judicata";
> (4) [W]hether the use of a declaratory action would

>   increase the friction between our federal and state courts and improperly encroach on state jurisdiction; and (5) [W]hether there is an alternative remedy that is better or more effective.

*Bituminous Cas. Corp. v. J&L Lumber Co., Inc.*, 373 F.3d 807, 813 (6th Cir. 2004). While "declaratory judgment actions seeking an advance opinion on indemnity issues are seldom helpful in resolving an ongoing action in another court," *id.* at 812 (citations omitted), there is no "per se rule against a district court's entertaining a declaratory judgment action to determine an insurer's liability when a tort action is pending against its insured in a state court," *Allstate Ins. Co. v. Mercier*, 913 F.2d 273, 277 (6th Cir. 1990). Instead, this Court applies the five factors enumerated above. *Nationwide Mut. Fire Ins. Co. v. Creech*, 431 F. Supp. 2d 710, 712 (E.D. Ky. 2006).

*1.   Whether the judgment would settle the controversy*

When the issue before the Court is not pending before a state court, this factor weighs in favor of exercising jurisdiction. *See id.* at 713. Whether Marsh's policy covers the company's alleged negligent conduct is not pending before the Harlan Circuit Court. Accordingly, this factor weighs in favor of exercising jurisdiction.

*2.   Whether the declaratory judgment action would serve a useful purpose in clarifying the legal relations at issue.*

The action pending before the state court does not turn on whether the alleged misconduct was an accident within the meaning

of Marsh's policy. While the question of coverage may not assist the state court in resolving the issues before it, it will not conflict with the state court's conclusions and will serve a useful purpose in clarifying the legal relations to the extent they arise from the policy. Accordingly, the Court finds that this factor weighs in favor of exercising jurisdiction. *See id.* at 713-14.

*3. Whether the declaratory remedy is being used merely for the purpose of "procedural fencing" or "to provide an arena for res judicata."*

There is no support for the argument that Progressive "has filed this action in an attempt to obtain a favorable judgment in this Court while avoiding the risk of an adverse ruling in state court." *Id.* at 714. While the plaintiff's point that Kentucky's summary judgment standard is stricter than in federal court is well-taken, this Court cannot see how this is an advantage to Progressive when the facts relevant to the issue before this Court are undisputed.[1] The Court does not find any evidence of an improper motive in Progressive's filing of this action.

*4. Whether the use of a declaratory action would increase the friction between our federal and state courts and improperly encroach on state jurisdiction.*

---

[1] The only matter before this Court is the meaning of the phrase, "arises out of the ownership, maintenance or use of your insured auto." The terms of the policy are undisputed, as is the subject of the underlying suit. The underlying suit is a matter of interpretation of the policy under Kentucky contract law, i.e. whether a lawsuit for negligent failure to control traffic pursuant to a contractual agreement arises out of the ownership, maintenance, or use of an automobile.

4

District courts consider the following three additional factors when undertaking an analysis under this factor:

> (1) Whether the underlying factual issues are important to an informed resolution of the case;
> (2) Whether the state trial court is in a better position to evaluate those factual issues than is the federal court; and
> (3) Whether there is a close nexus between the underlying factual and legal issues and state law and/or public policy, or whether federal common or statutory law dictates a resolution of the declaratory action.

*Id.*

The first factor weighs in favor of jurisdiction because nothing in the parties' memoranda suggests "any factual disputes the resolution of which are necessary to determine the scope of the policy exclusion." *Id.* at 715. For the same reason, the second factor is inapplicable. Finally, with respect to the third factor, this Court observes that Kentucky courts have explicitly discussed the meaning of the phrase "arising out of the use of a motor vehicle." *See, e.g., Hartford Ins. Cos. of America v. Kentucky Sch. Bds. Ins. Trust*, 17 S.W.3d 525 (Ky. Ct. App. 1999). Since the insurance coverage issue is governed in this Court solely by Kentucky law, *Hanover Ins. Co. v. Am. Eng'g Co.*, 33 F.3d 727, 730 (6th Cir. 1994), and since this issue of Kentucky law appears to be well-settled, a declaratory judgment action would not create friction between state and federal courts.

5.  *Whether there is an alternative remedy that is better or more effective.*

Progressive could file a state court declaratory judgment

5

action under KRS § 418.040 or it could move to intervene in the state court action. A state court civil action on indemnity issues "is usually a better and more effective remedy than a declaratory judgment action in federal court." *Nationwide Mut. Fire Ins. Co.*, 431 F. Supp. 2d at 716 (citations omitted).

However, on balance, these factors weigh in favor of exercising jurisdiction. This Court will exercise jurisdiction and determine the parties' rights upon Progressive's motion for declaratory judgment.

Accordingly, **IT IS ORDERED** that Defendant's motion to dismiss this declaratory judgment action [Record No. 14] be, and the same hereby is, **DENIED.**

This the 25th day of September, 2006.



Signed By:
*Joseph M. Hood*
United States District Judge