UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
**LEXINGTON**

| | | |
|---|---|---|
| PROGRESSIVE NORTHERN | ) | |
| INSURANCE COMPANY, | ) | Civil Action No. 5:05-517-JMH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| SHERITA MARSH d/b/a | ) | **MEMORANDUM OPINION AND ORDER** |
| TRIPLE FLAG CAR SERVICE, | ) | |
| | ) | |
| Defendant. | ) | |

** ** ** ** **

This matter is before the Court on Plaintiff Progressive Northern Insurance Company's ("Progressive") motion to dismiss the counterclaim of Defendant Sherita Marsh, d/b/a Triple Flag Car Service [Record No. 15]. The defendant filed a response [Record No. 25]. This matter is now ripe for review.

**PROCEDURAL AND FACTUAL BACKGROUND**

Progressive provides commercial auto insurance on a 1989 Oldsmobile Toronado to Marsh, d/b/a Triple Flag Car Service. Triple Flag was hired by Prestress Services Transportation ("Prestress") to escort oversized load tractor trailers carrying concrete bridge beams from Avon, Kentucky to a job site in Harlan County, Kentucky. Marsh's employee, Bruce Dotson, allegedly operated the 1989 Oldsmobile Toronado insured by Progressive in furtherance of his obligation as an escort. During the trip, a Prestress trailer driven by Michael P. Whitaker, while being escorted by Marsh's company and at least one other escort company,

was involved in an accident with Dennis C. Johnson.

Johnson filed suit against Whitaker and Prestress in Harlan County Circuit Court for damages allegedly caused by the accident. Whitaker and Prestress filed a third-party complaint against Marsh, alleging that Marsh's company had been retained to "stop traffic, flag traffic and do all things reasonabl[y] necessary to control traffic" and had negligently failed to do so.

Progressive hired counsel to defend Marsh under a reservation of rights in the Harlan Circuit Court action. It has now filed this action seeking a declaration of rights under the commercial auto policy issued to Marsh, alleging that the failure of Marsh's employee to stop traffic is not an accident covered under Marsh's policy. Marsh counterclaimed, alleging that this declaratory judgment action is taken in bad faith and violates the provisions of the Kentucky Unfair Claims Settlement Practices Act, KRS § 304.12-230, and the Kentucky Consumer Protection Act ("KCPA"), KRS § 367.170-220. Plaintiff has moved to dismiss the counterclaim, ostensibly for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).[1]

## STANDARD OF REVIEW

A motion to dismiss pursuant to Rule 12(b)(6) tests the sufficiency of the complaint. Thus, under the liberal notice

---

[1] The Plaintiff claims that Marsh's allegations are "insufficient to support either claim as a matter of Kentucky law." (Mot. to Dismiss Counterclaim 6).

2

pleading rules, a complaint need only put a party on notice of the claim being asserted against it to satisfy the federal rule requirement of stating a claim upon which relief can be granted. Fed. R. Civ. P. 8(a); *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984) (holding that "[a] court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations"). Although a court must construe the complaint in the light most favorable to the plaintiff and accept as true all well-pleaded factual allegations, *see Cooper v. Parrish*, 203 F.3d 937, 944 (6th Cir. 2000), a court "need not accept as true legal conclusions or unwarranted factual inferences." *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987). To survive a Rule 12(b)(6) motion, "the complaint must contain 'either direct or inferential allegations respecting all the material elements'" of the claim. *Tahfs v. Proctor*, 316 F.3d 584, 590 (6th Cir. 2003) (quoting *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988)).

**ANALYSIS**

*1.   It would be premature to dismiss Defendant's allegations under the Unfair Claims Settlement Practices Act.*

Defendant claims that the plaintiff's conduct in seeking this declaratory judgment action is tantamount to bad faith under the Unfair Claims Settlement Practices Act, KRS § 304.12-230.   In

*Wittmer v. Jones*, 864 S.W.2d 885 (Ky. 1993), the Kentucky Supreme Court "enunciated a test for ascertaining whether a private cause of action for tortious misconduct justifying a claim of bad faith can exist." *Guar. Nat. Ins. Co. v. George*, 953 S.W.2d 946, 948 (Ky. 1997).

> [A]n insured must prove three elements in order to prevail against an insurance company for alleged refusal in bad faith to pay the insured's claim: (1) the insurer must be obligated to pay the claim under the terms of the policy; (2) the insurer must lack a reasonable basis in law or fact for denying the claim; and (3) it must be shown that the insurer either knew there was no reasonable basis for denying the claim or acted with reckless disregard for whether such a basis existed. . . . An insurer is . . . entitled to challenge a claim and litigate it if the claim is debatable on the law or the facts.

*Wittmer*, 864 S.W.2d at 890.

The Kentucky Supreme Court applied the *Wittmer* standard to a case similar to the one before this court in *Guaranty National Insurance Co. v. George*. There, the insureds alleged that the insurance company's "decision to defend under a reservation of rights amounted to outrageous conduct in that the undisputed facts indicated a mere clerical error on the face of the policy." *Guar. Nat. Ins. Co.*, 953 S.W.2d at 948. The Kentucky Supreme Court upheld a trial court's grant of summary judgment but stated:

> Some may argue that the insurer, by notifying its insured that it is defending under a reservation of rights and filing a declaratory judgment action, is automatically absolved of bad faith. We do not so hold. Clearly, one can envision factual situations where an insurer could

4

> abuse its legal prerogative in requesting a court to determine coverage issues. Those may well be addressed through a motion under Civil Rule 11 or, in certain circumstances, an action for bad faith.

*Id.* at 949.

Since Kentucky has not absolutely ruled out an action for bad faith under the circumstances that exist in this case, dismissal for failure to state a claim under the Unfair Claims Settlement Practices Act would be premature. The defendant has alleged that "discovery and evidence will reveal other circumstances to the accident." (Def.'s Answer and Counterclaim ¶ 16). Moreover, this Court has yet to rule whether the mere failure of Marsh's employee to prevent the accident would be covered by the commercial insurance policy under Kentucky law.

However, the defendant should be aware that it will be very difficult to prove a violation of the Unfair Claims Settlement Practices Act. Not only must Defendant show that the claim is not "debatable on the law or the facts," *Wittmer*, 864 S.W.2d at 890, but "before the cause of action exists in the first place, there must be evidence sufficient to warrant punitive damages," *Guar. Nat. Ins. Co.*, 953 S.W.2d at 949. Defendant will have to prove "that there was 'conduct that is outrageous, because of the defendant's evil motive or his reckless indifference to the rights of others.'" *Id.* (quoting *Wittmer*, 864 S.W.2d at 890).

*2.   Commercial auto insurance policies are not covered under the*

5

*KCPA.*

The Kentucky Consumer Protection Act, KRS § 367.220(1), protects "[a]ny person who purchases or leases goods or services primarily for personal, family, or household purposes."  The Kentucky Supreme Court has held that "purchase of an insurance policy is a purchase of a 'service' intended to be covered by the Consumer Protection Act." *Stevens v. Motorists Mut. Ins. Co.*, 759 S.W.2d 819, 820.  However, in *Stevens*, the court was addressing the applicability of KCPA to a homeowners' insurance policy.  *Id.*  The case before this Court involves a commercial automobile insurance policy, which, by its own terms, cannot have been retained for a "personal, family, or household" purpose.

### CONCLUSION

For the foregoing reasons, this Court finds that dismissal  of the Kentucky Consumer Protection Act claims is appropriate but that dismissal of the Kentucky Unfair Claims Settlement Practices Act claims would be premature.

Accordingly, **IT IS ORDERED:**

(1)  That Plaintiff's motion to dismiss the defendant's counterclaim [Record No. 15] be, and the same hereby is, **GRANTED IN PART** and **DENIED IN PART.**

(2)  That Defendant's counterclaim under the Kentucky Consumer Protection Act be, and the same hereby is, **DISMISSED WITH**

6

**PREJUDICE.**

This the 18th day of October, 2006.



**Signed By:**

**_Joseph M. Hood_**

**United States District Judge**